IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for this
Asset Securitization Corporation Trust 2006-NC1,
In Rem 103 Rocky Valley Drive, Maumelle, Arkansas,
NEW CENTURY MORTGAGE CORPORATION,
HERB MILLER, Chief Executive Officer
of New Century Mortgage, individually                                                PLAINTIFFS

v.                          Case No. 4:20-cv-00121-KGB

DRUSSELLA JOHNSON and
JERRY JOHNSON                                                                        DEFENDANTS

## ORDER

Before the Court is a motion to remand filed by plaintiff Deutsche Bank National Trust Company, solely in its capacity as Trustee for HSI Asset Securitization Corporation Trust 2006-NC1, Mortgage PassThrough Certificates, Series 2006-NC1, by and through its servicer, PHH Mortgage Corporation d/b/a PHH Mortgage Services, successor by merger to Ocwen Loan Servicing, LLC ("Deutsche Bank") (Dkt. No. 8). Defendants Drussella Johnson and Jerry Johnson have not responded to this motion, and the time to file a response has passed. Also before the Court is the Johnsons' motion for leave to proceed *in forma pauperis*; Deutsche Bank's notice of related case; Deutsche Bank's motion for issuance of filing restrictions; Deutsche Bank's motion to dismiss counterclaim; the Johnsons' motion to show cause; and the Johnson's motion and affidavit in support of constructive trust and motion to strike (Dkt. Nos. 1, 6, 10, 13, 19, 20). For the following reasons, the Court grants Deutsche Bank's motion to remand, denies the remaining motions as moot, and remands this case back to Arkansas state court (Dkt. Nos. 1, 6, 10, 13, 19, 20).

## I.  Background

Deutsche Bank initiated this action by filing a complaint in forcible entry and detainer against the Johnsons in Pulaski County Circuit Court on September 10, 2019 (Dkt. No. 3). Deutsche Bank brought this underlying state court action seeking to evict the Johnsons from real property located at 103 Rocky Valley Drive, Maumelle, AR 72113, which Deutsche Bank owns as the result of a foreclosure sale on July 3, 2018 (Dkt. No. 9, at 1). The Johnsons submitted a notice of removal dated February 4, 2020, and that notice was filed with the Court on February 5, 2020 (Dkt. No. 2). That same day, Deutsche Bank moved to remand this case to state court (Dkt. No. 8).

Deutsche Bank states that the Johnsons are Arkansas residents and citizens, were defendants who were served with process in the Pulaski County Circuit Court, and voluntarily appeared in that forum prior to removal (*Id.*, ¶¶ 1-2). Deutsche Bank states the 28 U.S.C. § 1441(b)(2) ("the Forum Defendant Rule") requires remand of this action (*Id.*, ¶ 3). The Forum Defendant Rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Alternatively, Deutsche Bank argues that the removal is untimely and procedurally improper justifying remand (Dkt. No. 8, ¶ 3). Deutsche Bank maintains that there is no reasonable basis in law or fact for removal here, given that the Johnsons are residents and citizens of Arkansas, have failed to seek timely removal, and have not complied with the removal statute (*Id.*, ¶ 4). As a result, Deutsche Banks asks the Court to remand this case to the Pulaski County Circuit Court and to sanction defendants for this filing (*Id.*).

## II. Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a state law claim to federal court only if the action originally could have been filed there. *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010). The two well-established sources of original jurisdiction are federal question jurisdiction and traditional diversity jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1332; *Hurt v. Dow Chemical Co.*, 963 F.2d 1142, 1144 (8th Cir. 1992). Federal courts have federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Federal courts have diversity jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)-(b).

The removing defendant bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Federal courts are required to "'resolve all doubts about federal jurisdiction in favor of remand' and are strictly to construe legislation permitting removal." *Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007) (quoting *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997)). "For a party to remove a case to federal court based on diversity jurisdiction, the parties must be diverse both when the plaintiff initiates the action in state court and when the defendant files the notice of removal in federal court." *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013).

"Under the so-called 'forum defendant rule,' a non-federal question case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a

citizen of the State in which such action is brought.'" *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005) (quoting 28 U.S.C. § 1441(b)). The Eighth Circuit has held that "violation of the forum-defendant rule is a jurisdictional defect rather than a mere procedural irregularity capable of being waived." *Holbein v. Baxter Chrysler Jeep, Inc.*, — F.3d —, 2020 WL 467520, at *2 (8th Cir. Jan. 29, 2020) (internal quotations and citations omitted).

### III. Discussion

Deutsche Bank's complaint brings state law claims against the Johnsons pursuant to Arkansas Code Annotated § 18-60-301, *et seq.* (Dkt. No. 3, ¶ 1). Deutsche Bank alleges no federal cause of action against the Johnsons (*Id.*, ¶¶ 1-6). The Court has reviewed the civil cover sheet submitted by the Johnsons with their notice of removal (Dkt. No. 2-1). In "Section I. Plaintiffs" on the cover sheet, the Johnsons identify themselves as peoples of the United States of America and inhabitants of Pulaski County (*Id.*). In "Section II. Basis of Jurisdiction" on the cover sheet, the Johnsons identify diversity of citizenship between the parties as the basis of jurisdiction for this matter (*Id.*). In "Section III. Citizenship of Principal Parties" on the cover sheet, the Johnsons confusingly identify plaintiffs as "Citizen or Subject of a Foreign Country" and defendants as "Incorporated or Principal Place of Business In This State" (*Id.*). The Court understands the citizenship of the parties to be a mistake, as the Johnsons are defendants in this action and citizens of this state whereas Deutsche Bank is the plaintiff in this action and does not appear to be incorporated or have its principal place of business in this state (*Id.*). Regardless, the Court notes that the Johnsons' filing identifies diversity of citizenship as the basis of jurisdiction for this action (*Id.*). The Johnsons' counterclaim appears to bring two state law claims against Deutsche Bank and third-party defendant Kroencke Construction, Inc. ("Kroencke"): a quiet title action pursuant

4

to Arkansas Code Annotated § 18-60-502 and an adverse possession action pursuant to Arkansas Code Annotated § 18-11-106 (Dkt. No. 11, at 2-4).

As an initial matter, the Court notes that the Johnsons' notice of removal is not procedurally proper, as it was not timely filed within the time prescribed by 28 U.S.C. § 1446(b)(1). Even if it was procedurally proper, after reviewing the record before it, the Court finds that defendants have not carried their burden to establish federal subject matter jurisdiction by a preponderance of the evidence. *Altimore*, 420 F.3d at 768. Because this case revolves around state law claims, this Court could only exercise jurisdiction over this action via diversity jurisdiction in accordance with 28 U.S.C. § 1332. Diversity jurisdiction cases can be subject to removal, but the Forum Defendant Rule precludes a home-state defendant from removing a diversity jurisdiction case from state court to federal court. *See* 28 U.S.C. § 1441(b)(2); *Horton*, 431 F.3d at 604. The Johnsons are residents and citizens of Arkansas, were named as defendants in the complaint, were served with that complaint, and voluntarily appeared to defend the state court eviction suit on September 13, 2019 (Dkt. No. 9, at 3). Accordingly, Eighth Circuit precedent "prohibit[s] [this Court] from exercising diversity jurisdiction over this action because removal on diversity grounds would [ ] violate[] the forum-defendant rule." *Holbein*, 2020 WL 467520, at *2.

**IV.     Conclusion**

For the above reasons, the Court grants Deutsche Bank's motion to remand and remands this case to state court (Dkt. No. 8). Consequently, the Court denies as moot all other pending motions (Dkt. Nos. 1, 6, 10, 13, 19, 20).

It is so ordered, this 1st day of April, 2020.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge